UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

ANTHONY BUSSIE,

                      Plaintiff,                      **MEMORANDUM & ORDER**
                                                                            15-CV-3237 (MKB)
                      v.

U.S. ATTORNEY PREET BHARARA,
ASSISTANT U.S. ATTORNEY MATTHEW
SCHWARTZ, JUDGE LAURA TAYLOR
SWAIN, CONGRESSMAN ROBERT E.
ANDREWS, SENATOR BILL
BRADLEY, SENATOR ROBERT MENENDEZ,
U.S. ATTORNEY PAUL FISHMAN, ASSISTANT
U.S. ATTORNEY DIANA CARRRIG, JUDGE
RENEE M. BUMB,

                      Defendants.

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

On June 2, 2015, Plaintiff Anthony Bussie, proceeding *pro se* and currently incarcerated at the Federal Medical Center in Butner, North Carolina, filed the instant action pursuant to 42 U.S.C. § 1983, bringing incomprehensible claims against Defendants. For the reasons set forth below, Plaintiff's request to proceed *in forma pauperis* is denied and he is ordered to pay the $400 filing fee to proceed with this action. Failure to do so will result in the dismissal of the Complaint.

**I. Background**

Plaintiff was being held in federal custody on allegations that he threatened to harm a member of the United States Congress. *See United States v. Bussie*, No. 12-CR-229 (filed Jan. 12, 2012 D.N.J.); *Bussie v. Mohamed*, No. 14-CV-5454, 2014 WL 7338802, *1 (E.D.N.Y. Dec. 22, 2014); *Bussie v. Boehner*, 21 F. Supp. 3d 244, 245 (E.D.N.Y. 2014). Court records indicate

that on or about April 2, 2015, Plaintiff was ordered civilly committed pursuant to 18 U.S.C. § 4246. *United States v. Bussie*, No. 12-CR-229, slip op. at 1 (D.N.J. Apr. 16, 2015) (dismissal order, Docket Entry No. 43). He was found mentally incompetent to stand trial. *Id*. The Complaint in this action is on a form for filing civil rights complaints pursuant to 42 U.S.C. § 1983. (Docket Entry No. 1.) The Complaint is largely incomprehensible and includes unintelligible allegations on behalf of Plaintiff and others, including Bernie Madoff and several of Madofff's former employees, against a United States Representative, two United States Attorney's Offices and federal judges in New Jersey and New York. The relief Plaintiff seeks is similarly incomprehensible, except the last phrase in which he "demands monetary settlement." (Compl. 11.)

## II. Discussion

### a. Prison Litigation Reform Act's "three strikes" provision

Plaintiff cannot proceed *in forma pauperis* with this litigation because he has accrued three strikes under the Prison Litigation Reform Act's "three strikes" provision. The Prison Litigation Reform Act provides in pertinent part that:

> In no event shall a prisoner bring a civil action . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

This is Plaintiff's sixth case filed in the Eastern District of New York, but he has filed over sixty actions in district courts across the United States, and is under a filing injunction in the District of New Jersey, his pre-incarceration domicile. *See U.S. Party/Case Index*, https://pacer.uspci.uscourts.gov (last visited June 8, 2015); *Conjured Up Entertainment v. United*

2

*States*, No. 11-CV-2824 (D.N.J. July 26, 2011) (unpublished order). In at least three of his many cases, the actions were dismissed as frivolous under 28 U.S.C. § 1915A(b). *See Bussie v. Dep't of Defense*, No. 13-CV-4574, 2013 WL 5348311, at *2 (E.D.N.Y. Sept. 23, 2013); *Bussie v. Attorney General*, Nos. 13-CV-476, 13-CV-477, 2013 WL 3934179, at *3 (W.D. Wis. Jul. 30, 2013); *Bussie v. Federal Deposit Ins. Corp.*, No. 13-CV-23000 (S.D. Fla. Oct. 30, 2013) (unpublished order). In addition, multiple district courts, including this Court, have dismissed Plaintiff's recent cases as barred by three strikes. *See Bussie v. Mohamed*, No. 14-CV-5454, 2014 WL 7338802, at *2 (E.D.N.Y. Dec. 22, 2014): *Bussie v. Gov't Accountability Office*, No. 14-CV-2665, 2014 WL 2178212, at *2 (E.D.N.Y. May 23, 2014); *Bussie v. Boehner*, 21 F. Supp. 3d 244, 246 (E.D.N.Y. May 23, 2014); *Bussie v. Boehner*, No. 14-CV-161, 2014 U.S. Dist. LEXIS 27479, at *4–6 (D. Colo. Mar. 4, 2014); *Bussie v. Boehner*, No. 14-CV-279, 2014 U.S. Dist. LEXIS 26229, at *1 (N.D. Tex. Feb. 28, 2014); *Bussie v. Boehner*, No. 14-CV-345, 2014 U.S. Dist. LEXIS 25063, at *1, n. 2 (E.D. Mo. Feb. 27, 2014) (collecting prior strikes and dismissals under Section 1915(g)); *Bussie v. Boehner*, No. 14-CV-77, 2014 WL 585377, at *2 (S.D. Ill. Feb. 14, 2014).

Because Plaintiff has accumulated at least three strikes for purposes of Section 1915(g), he may not proceed *in forma pauperis* in this case unless he is under imminent danger of serious physical injury. Plaintiff has failed to satisfy this requirement. For a three strikes litigant to qualify for the imminent danger exception, his complaint "must reveal a nexus between the imminent danger it alleges and the claims it asserts." *Pettus v. Morgenthau*, 554 F.3d 293, 298 (2d Cir. 2009). Even when liberally construed, the Complaint presents no such claim. The Complaint is largely incomprehensible and contains no facts suggesting that Defendants took any

action to harm Plaintiff. Plaintiff is therefore barred from proceeding *in forma pauperis* under Section 1915(g).

## III. Conclusion

Accordingly, Plaintiff's request to proceed *in forma pauperis* is denied pursuant to the three strikes provision of 28 U.S.C. § 1915(g). In order to proceed with this action, Plaintiff must pay the $400 filing fee within fourteen (14) days of this Memorandum and Order.[1] If Plaintiff fails to pay the filing fee within 14 days, the Complaint shall be dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED:

      s/MKB
MARGO K. BRODIE
United States District Judge

Dated: June 16, 2015
      Brooklyn, New York

---

[1] Plaintiff is advised that even a fee-paid *pro se* complaint may be dismissed *sua sponte* if the Court lacks subject matter jurisdiction or the complaint is frivolous. Fed. R. Civ. P. 12(h)(3); *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may dismiss frivolous complaint *sua sponte* notwithstanding the fact that the plaintiff paid the statutory filing fee).